FILED
7/18/2016
Date Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

STEPHEN FIELDS and DIANNE DEPIETRO,
on their own behalf and on behalf of others
similarly situated,

Plaintiffs,

COLLECTIVE ACTION COMPLAINT

6:16-CV-1285-ORL-40-TBS

vs.

DIAMOND RESORTS INTERNATIONAL, INC., a foreign for-profit corporation, DIAMOND RESORTS CORPORATION, d/b/a DIAMOND RESORTS INTERNATIONAL, a foreign for-profit corporation, DIAMOND RESORTS INTERNATIONAL MARKETING, INC., a foreign for-profit corporation, and STEPHEN J. CLOOBECK, an individual,

Defendants.
_______________________________________/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs STEPHEN FIELDS and DIANNE DEPIETRO, on their own behalf and on behalf of those similarly situated ("Plaintiffs"), who were employees of Defendants DIAMOND RESORTS INTERNATIONAL, INC., a Delaware for-profit corporation, DIAMOND RESORTS CORPORATION, d/b/a DIAMOND RESORTS INTERNATIONAL, a Maryland for-profit corporation, DIAMOND RESORTS INTERNATIONAL MARKETING, INC., a California for-profit corporation (together, the "corporate Defendants"), and STEPHEN J. CLOOBECK, an individual (the "Defendants"), and file this Collective Action Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of

1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and declaration of rights pursuant to 28 U.S.C. § 2201.

## INTRODUCTION

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine* v. *Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum, on time, may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made, in event of delay, in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08 (1945).

## I. NATURE OF THE CASE

1. For at least the last three years pursuant to 29 U.S.C. § 201, *et seq* (hereinafter, "the FLSA Relevant Time Period"), Defendants failed to pay Plaintiffs an hourly minimum and/or overtime wage for a portion of their compensable work time.
2. Thus, this action is brought pursuant to the FLSA for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief.
3. Pursuant to the FLSA, Plaintiffs and the proposed collective action members were subjected to similar violations of the FLSA by Defendants. The collection of similarly situated



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

employees or potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as:

> **All persons who worked for Defendants as traveling sales representatives during the three (3) years preceding this lawsuit and who were subject to Defendants' policy of failing to pay for all hours worked for one or more weeks during the Relevant Time Period.**

4. Additionally, Plaintiffs and those similarly situated seek a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.
5. The precise size and identity of the class can be ascertained from the business and tax records, and/or employee or personnel records of Defendants and their related and affiliated entities.

## II. JURISDICTION AND VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because the named Plaintiffs performed work for Defendants and were to be paid in this District; because a principal office of Defendants is situated in this District; and because Defendants made operational decisions regarding Plaintiffs and other similarly situated employees in this District.
7. This Court has original jurisdiction over Plaintiffs' federal question claims.

## III. PARTIES

8. Plaintiff STEPHEN FIELDS ("Fields") is over 18 years old and was a *sui juris* resident of Orange County, Florida, at all times material. Fields was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e). Fields consents to participate in this lawsuit.

9. Plaintiff DIANNE DEPIETRO ("Depietro") is over 18 years old and was a *sui juris* resident of Orange County, Florida, at all times material. Depietro was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e). Depietro consents to participate in this lawsuit.

10. Plaintiffs Fields, Depietro, and the proposed class members, were subjected to similar violations of the FLSA for the three years preceding the filing of this lawsuit ("FLSA Relevant Time Period").

11. Defendant DIAMOND RESORTS INTERNATIONAL, INC. is a Delaware for-profit company based in Las Vegas, Nevada that conducts business including developing, marketing, managing, and selling vacation packages and timeshares throughout the United States, which includes Orange County, Florida.

12. Defendant DIAMOND RESORTS CORPORATION, d/b/a DIAMOND RESORTS INTERNATIONAL is a Maryland for-profit company based in Las Vegas, Nevada that conducts business including developing, marketing, managing, and selling vacation packages and timeshares throughout the United States, which includes Orange County, Florida.

13. Defendant DIAMOND RESORTS INTERNATIONAL MARKETING, INC. is a California for-profit company based in Las Vegas, Nevada that conducts business including developing, marketing, managing, and selling vacation packages and timeshare interests throughout the United States, which includes Orange County, Florida.

14. Defendant STEPHEN J. CLOOBECK ("CLOOBECK"), an individual and *sui juris*, is the founder of Defendant DIAMOND RESORTS INTERNATIONAL, INC. During all material times, CLOOBECK acted directly and indirectly in the interest of the corporate Defendants. CLOOBECK had the power to hire and fire employees, and to direct employees' actions.



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

CLOOBECK was in a position to exert substantial authority over corporate policy relating to employees' conditions of employment, and had the power to exert substantial financial control over the corporate Defendants, making Defendant CLOOBECK an employer pursuant to 29 USC § 203(d).

## IV. COVERAGE

15. During all material times, Defendant DIAMOND RESORTS INTERNATIONAL, INC. DIAMOND RESORTS CORPORATION, d/b/a DIAMOND RESORTS INTERNATIONAL, and DIAMOND RESORTS INTERNATIONAL MARKETING, INC. were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that they were together engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the Act. Each corporate Defendant performed related activities through unified operation and common control, for a common business purpose in the vacation and timeshare enterprise. The corporate Defendants' enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working with goods or materials that have been moved in or produced for commerce by any person. In addition, Defendant is an enterprise whose annual gross volume of sales made or business done was not less than $500,000 during all material times.

16. During all material times, Defendant DIAMOND RESORTS CORPORATION, d/b/a DIAMOND RESORTS INTERNATIONAL was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the Act, in that said enterprise had employees engaged in commerce or in the production of goods for



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. In addition, Defendant is an enterprise whose annual gross volume of sales made or business done was not less than $500,000 during all material times.

17. During all material times, Defendant DIAMOND RESORTS INTERNATIONAL MARKETING, INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) of the Act, in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. In addition, Defendant is an enterprise whose annual gross volume of sales made or business done was not less than $500,000 during all material times.

18. The three corporate Defendants are the joint employers within the meaning of 29 C.F.R. § 791.2(b)(3), as Defendant DIAMOND RESORTS INTERNATIONAL, INC. is the parent company of Defendants DIAMOND RESORTS CORPORATION, d/b/a DIAMOND RESORTS INTERNATIONAL and DIAMOND RESORTS INTERNATIONAL MARKETING, INC., and the operations and financial dependence of the corporate Defendants are intermingled.

19. During all material times, Defendant CLOOBECK is the founder of Defendant DIAMOND RESORTS INTERNATIONAL, INC. CLOOBECK acted directly and indirectly in the interest of the corporate Defendants. CLOOBECK had the power to hire and fire employees, and to direct employees' actions. CLOOBECK was in a position to exert substantial authority



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

over corporate policy relating to employees' conditions of employment, and had the power to exert substantial financial control over the corporate Defendants, making Defendant CLOOBECK an employer pursuant to 29 USC § 203(d).

20. During all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

## V. FACTUAL ALLEGATIONS

21. Defendants, as one common enterprise, develop, market, and operate a vacation package and timeshare sales and management business in many locations throughout the United States and internationally.

22. Plaintiff Fields worked as a vacation package sales representative for Defendants from approximately January 13, 2015 until approximately November 29, 2015, and from approximately January 11, 2016 until approximately April 10, 2016.

23. Plaintiff Depietro worked as a vacation package sales representative for Defendants from approximately November 1, 2014 until approximately November 1, 2015.

24. Plaintiffs and other similarly situated employees regularly traveled from Florida to various other states including, but not limited to, Georgia and North Carolina, to sell customers vacation packages for locations throughout the United States including, but not limited to, Hawaii and Nevada. Plaintiffs and other similarly situated class members regularly carried goods, such as mouse pads, sunglasses, and hand sanitizers, with them from Florida to out-of-state locations to distribute to customers when selling vacation packages.

25. Plaintiffs and those similarly situated, working at the applicable wage rates of between $8.05 and $10.00 per hour, were required to perform work, such as necessary work travel and set-up time, and were not compensated for a portion or for any of the time for said work in violation of the FLSA.



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

26. In the instant case, Plaintiffs and those similarly situated were required to perform work over 40 hours in a workweek, and did not receive their proper time-and-a-half overtime wages of between $12.07 and $15.00 per hour for said hours worked.

27. Because of the institution and maintenance of the illegal pay practices described above during the Relevant Time Period, Defendants willfully engaged in practices that denied Plaintiffs and those similarly situated the applicable hourly wage and overtime wage under the FLSA.

28. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs seek certification of collective action from this court, for themselves and those similarly situated, pursuant to 29 U.S.C. § 216(b).

30. A district court, under the two-tiered approach used to determine whether an FLSA collective action is appropriate, can approve conditional certification upon a minimal showing that members of the proposed class are similarly situated. Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201, *et seq.*

31. Plaintiffs and those similarly situated performed the same or similar jobs as one another in that they were employed as vacation package sales representatives for Defendants.

32. Plaintiffs and those similarly situated were subjected to similar policies in that Defendants failed to pay Plaintiffs and those similarly situated for all of their compensable hours worked.

33. These policies or practices were applicable to Plaintiffs and members of the collective action. Application of these policies or practices does not depend on the personal circumstances of each Plaintiff or those joining this lawsuit. Rather, the same policies or practices which



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

resulted in the failure to properly pay for straight-time and overtime hours worked apply to all members of the collective action. Accordingly, members of the collective action are properly defined as:

> **All persons who worked for Defendants as traveling sales representatives during the three (3) years preceding this lawsuit and who were subject to Defendants' policy of failing to pay for all hours worked for one or more weeks during the Relevant Time Period.**

34. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

35. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay for all hours worked.

36. Defendants violated § 207(a)(l) and § 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks, without compensating such employees for their work at the applicable wage rate for all hours worked up to forty in a week or at the overtime rate of time-and-one-half for all hours worked in excess of forty hours in a work week.

37. Thus, Defendants acted willfully by failing to pay Plaintiffs, and those similarly situated class members, in accordance with the law.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq.*

38. Plaintiffs, and those similarly situated, reincorporate and re-allege paragraphs 1 through 37 as though set forth fully herein and further allege as follows:



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

39. Defendants willfully and intentionally forced Plaintiffs and those similarly situated class members to work and did not pay any wages at all for at least some of those hours.

40. As a direct and proximate result of forcing Plaintiffs and those similarly situated to work without compensation, Plaintiffs and those similarly situated have been damaged for one or more weeks of work with Defendants.

**WHEREFORE**, Plaintiffs STEPHEN FIELDS and DIANNE DEPIETRO, on behalf of themselves and those similarly situated class members, demand judgment in their favor and against Defendants as follows:

a) Award to Plaintiffs, and those similarly situated, for payment of all hours worked up to forty in a week at the full hourly wage due them for the hours worked by them which have not been properly compensated;

b) Award to Plaintiffs, and those similarly situated, liquidated damages equal to the payment of all hours worked up to forty in a week at the full hourly wage owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiffs, and those similarly situated, reasonable attorneys' fees and costs;

d) Judgment entered in favor of Plaintiffs, and those similarly situated, against Defendants, DIAMOND RESORTS INTERNATIONAL, INC., DIAMOND RESORTS CORPORATION, d/b/a DIAMOND RESORTS INTERNATIONAL, DIAMOND RESORTS INTERNATIONAL MARKETING, INC., and STEPHEN J. CLOOBECK, jointly and severally, for payment of all hours worked up to forty in a week at their full hourly wage for which Plaintiffs, and others similarly situated, were not compensated, liquidated damages, attorneys' fees, costs, and all interest allowed by law; and



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

e) Award such other and further relief as this Court may deem just and proper.

**COUNT II**
**FAILURE TO PAY OVERTIME WAGE COMPENSATION**
**IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq***

41. Plaintiffs, and those similarly situated, reincorporate and re-allege paragraphs 1 through 37 as though set forth fully herein and further allege as follows:

42. Defendants willfully and intentionally forced Plaintiffs and those similarly situated to work more than 40 hours in a workweek and did not pay any wages at all for at least some of those hours.

43. As a direct and proximate result of forcing Plaintiffs and those similarly situated to work overtime without compensation, Plaintiffs and those similarly situated have been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiffs STEPHEN FIELDS and DIANNE DEPIETRO, on behalf of themselves and those similarly situated class members, demand judgment in their favor and against Defendants as follows:

a) Award to Plaintiffs, and those similarly situated, for payment of all overtime hours at one-and-one-half times the regular rate of pay due them for the hours worked by them which have not been properly compensated;

b) Award to Plaintiffs, and those similarly situated, liquidated damages equal to the payment for all overtime hours owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiffs, and those similarly situated, reasonable attorneys' fees and costs;

d) Judgment entered in favor of Plaintiff, and those similarly situated, against Defendants, DIAMOND RESORTS INTERNATIONAL, INC., DIAMOND



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

RESORTS CORPORATION, d/b/a DIAMOND RESORTS INTERNATIONAL, DIAMOND RESORTS INTERNATIONAL MARKETING, INC., and STEPHEN J. CLOOBECK, jointly and severally, for payment of all overtime hours for which Plaintiffs, and others similarly situated, were not compensated, liquidated damages, attorneys' fees, costs, and all interest allowed by law; and

e) Award such other and further relief as this Court may deem just and proper.

**COUNT III**
**DECLARATION OF RIGHTS**

44. Plaintiffs reincorporate and re-allege paragraphs 1 through 43 as though set forth fully herein, and further allege as follows:

45. Plaintiffs, and those similarly situated, and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also has jurisdiction over Plaintiffs', and those similarly situated, request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

46. Defendants did not rely on a good faith defense in forcing Plaintiffs, and those similarly situated, to work for less than the statutory minimum wage and overtime wage under the FLSA.

47. While Plaintiffs currently are not employed by Defendants, they may become employed by Defendants in the furture. Additionally, many of those similary situated are still employed by Defendants.

48. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.



LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

49. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiffs, and those similarly situated, from Defendants, now and in the future.

WHEREFORE, Plaintiffs STEPHEN FIELDS and DIANNE DEPIETRO, and those similarly situated, demand the entry of judgment in their favor and against Defendants DIAMOND RESORTS INTERNATIONAL, INC., DIAMOND RESORTS CORPORATION, d/b/a DIAMOND RESORTS INTERNATIONAL, DIAMOND RESORTS INTERNATIONAL MARKETING, INC., and STEPHEN J. CLOOBECK, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA complained of herein;

c) Award Plaintiffs reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted this 14th day of July, 2016.

By: ______________________

Lowell J. Kuvin, Esq.
Florida Bar No. 53072
lowell@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiffs*