UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN FIELDS and DIANNE DEPIETRO,

    Plaintiffs,

v.    Case No: 6:16-cv-1285-Orl-40TBS

DIAMOND RESORTS INTERNATIONAL, INC., DIAMOND RESORTS CORPORATION and DIAMOND RESORTS INTERNATIONAL MARKETING, INC.,

    Defendants.

## ORDER

This case comes before the Court on Defendants' Unopposed Motion for Clarification of the Effect of the Court's FLSA Scheduling Order on the Plaintiffs' Pending Motion to Certify Collective Action (Doc 31). The motion is **GRANTED**.

Plaintiffs bring this Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, case on behalf of themselves and other similarly situated persons (Doc. 1 at 1). On August 29, 2016 they filed their Motion to Certify Collective Action and Facilitate Notice to Potential Class Members (Doc. 24). On September 7, the Court entered its Scheduling Order which, *inter alia*, provides for Court ordered discovery and a settlement conference (Doc. 28). The Scheduling Order stays all discovery except as ordered by the Court (Id., ¶ 7). The Order also provides that if the parties do not settle, the Court may later grant a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt-in to this action (Id., ¶ 8).

Plaintiffs argue that the Court should proceed to adjudicate their pending motion to certify this as a class action even though the time to engage in settlement negotiations as required by the Scheduling Order has not expired (Doc. 32, ¶ 5). They contend that this is consistent with FED. R. CIV. P. 1, and an earlier Order granting Defendants an extension of time to respond to the class certification motion (Id., ¶¶ 3, 5).

As Magistrate Judge Kelly explained in a similar case "the FLSA scheduling order expressly contemplates that a ruling on any motion to conditionally certify notice to the putative collective class may occur after the parties have attempted to settle the matter …" Powers v. Brambles Industries, Inc., No. 6:14-cv-1216-Orl-40GJK (M.D. Fla. Sept. 21, 2016). The Court agrees completely with Judge Kelly's analysis. Plaintiffs' Motion to Certify Collective Action and to Facilitate Notice to Potential Class Members (Doc. 24) is therefore, **DENIED without prejudice** because it is premature. Plaintiffs may renew their motion after complying with the procedures contained in the Scheduling Order.

**DONE** and **ORDERED** in Orlando, Florida on October 3, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record