UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN FIELDS, DIANNE DEPIETRO,
JUSTIN ALLIS, STEPHEN GRENINGER,
RYAN PETRO and ROBERT STONE,

    Plaintiffs,

v.                                  Case No: 6:16-cv-1285-Orl-40TBS

DIAMOND RESORTS INTERNATIONAL,
INC., DIAMOND RESORTS
CORPORATION and DIAMOND
RESORTS INTERNATIONAL
MARKETING, INC.,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is a Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice. (Doc 58). Upon due consideration, I respectfully recommend that the motion be **DENIED**.

### Background

Plaintiffs Stephen Fields and Dianne DePietro filed their three count collective complaint under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201 *et seq.*, alleging that "Defendants failed to pay Plaintiffs an hourly minimum and/or overtime wage for a portion of their compensable work time" (Doc. 1, ¶1). Plaintiffs worked as vacation package sales representatives for Defendants vacation package and timeshare businesses (Doc. 1, ¶¶11-13, 17, 20-21). Defendants answered (Doc. 14), and Plaintiffs filed an Amended Complaint (Doc. 18) and moved to certify the collective action (Doc. 24). I denied the motion to certify as premature (Doc. 34). Monique Bernstein, Rodney

Stoll, and Robert Evens "opted in" as additional Plaintiffs, and the parties complied with the discovery requirements of the FLSA scheduling Order (Docs. 28, 33, 37-42).

Settlement efforts were unsuccessful at first and the parties filed a Case Management Report (Doc. 45). According to the motion, after the issuance of the Case Management and Scheduling Order (Doc. 48), the Parties spoke and decided to attempt to mediate the case (Doc. 58 at 2). The Parties, including additional opt-ins Justin Allis, Stephen Greninger, Ryan Petro, and Robert Stone (Docs. 52-55), met and reportedly agreed to a settlement. The instant motion followed. It is accompanied by a Settlement Agreement, which appears to be incompletely executed by various Parties (Doc. 58-1).

Under the terms of the settlement, the Parties have agreed to settle this action and provide for a release of Plaintiffs' FLSA claims for total settlement payments of $102,500.00, inclusive of Plaintiffs' attorney's fees and costs. According to the Parties, each Plaintiff is to receive an amount/portion of the gross settlement amount in back wages commensurate with the length of their employment, an equal amount in liquidated damages, and the proportionate amount in attorneys' fees and costs (Doc. 58, ¶¶15, 16). The gross amount of attorneys' fees and costs is $37,455.00, and the Parties represent that they were negotiated separately and without regard to the amount for unpaid wages, consistent with Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Settlement Agreement also contains a variety of other terms, including a "General Release of All Claims" and a "Confidentiality and Non-Disparagement" clause.

### Discussion

The parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one

supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

Upon review, I cannot recommend approval of the tendered Settlement Agreement. In the usual course, a plaintiff will present with a history of his wages and, while he may be unclear as to the exact amount of hours worked, he has a general idea regarding how much he worked and what is owed. By analyzing the claim (the number of hours, the amount of the wage), the Court can compare it to the agreed-to settlement, and determine if it is fair and reasonable. Here, the filings do not provide *any* showing as

to the value of the FLSA claims for opt-ins Allis, Greninger, Petro, and Stone. Without an explanation of their claims, the Court has nothing to base a finding of reasonableness on.

The Parties state that the amounts agreed to for each Plaintiff represent a portion of the gross settlement amount in back wages commensurate with the length of their employment, and an equal amount in liquidated damages. No further information is provided as to how these amounts were calculated and a comparison of the settlement amounts with Plaintiffs' answers to the Court's interrogatories reveals no cognizable relationship. For example, Plaintiff Fields claimed $19,057.50 in unpaid wages and overtime (excluding liquidated damages) (Doc. 41-1), but is to receive $7,950.00, or approximately 42% of his claim (Doc. 58-1); Plaintiff DePietro claimed $9,263.00 in wage damages (Doc. 39-1), but is to receive $4,950.00, or approximately 53% of her claim; Plaintiff Stoll claimed $4,942.51 (Doc. 42-1), but is to receive $1,472.50, or approximately 30% of his claim; and Plaintiff Evans claimed $6,846.00 (Doc. 40-1) and is to receive $5,950.00, roughly 87% of his claim. On the information provided, the Court cannot discern the rationale for the widely varying amounts. Without more, I cannot find it reasonable for one claimant to receive 87% of his claim while a similarly situated claimant receives only 30%.

While this basis alone is sufficient to deny the motion, the Agreement also includes overbroad confidentiality provisions, non-disparagement clauses and a general release, all of which are highly disfavored and inappropriate in the FLSA context, absent a showing of sufficient independent consideration or other factors not shown to be present here. See e.g., Bright v. Mental Health Res. Ctr., Inc., No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) (citing Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010)); Pariente v. CLC Resorts and Developments, Inc.,

No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014); Weldon v. Backwoods Steakhouse, Inc., No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014). While the General Release of All Claims contained in Paragraph 4 of the Settlement Agreement purports to include a payment of $100 to each Plaintiff as consideration, I find that it is nonetheless impermissibly broad in that it includes the release of non-parties. "A general release may not be used to release a non-party." Lina Arguelles v. Noor Baig, Inc., Case No. 6:16-cv-2024-37TBS, Order dated February 24, 2017 (Doc. 19 in that case). Paragraph 6 of the Agreement, entitled "No other Suits or Claims" is also overbroad.[1] Paragraph 8 contains an unacceptable confidentiality clause and Paragraph 12 is unacceptable, as it seeks for this Court to retain jurisdiction to enforce the Agreement.[2]

Finally, it appears that the Parties have not fully executed the agreement, as most of the Acceptance and Verification signature blocks are blank. The parties have not shown why the Court should approve an incomplete agreement.

On the showing made by the Parties, I do not find the Settlement Agreement to be a "fair and reasonable resolution of a bona fide FLSA dispute."

---

[1] The provision reads, in relevant part:

> The Plaintiffs will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, the Defendants, their current or former employees, managers, owners, officers, shareholders, stockholders, directors, partners, agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement.

It is not reasonable to expect a party to avoid any and all activity involving "directly or indirectly" a wide variety of un-named persons and entities, based on "unknown" facts or events.

[2] Absent a showing of diversity jurisdiction, an action for breach of contract is for the state courts.

- 5 -

### Recommendation

Upon consideration of the foregoing, I **respectfully recommend** that the motion be denied and the Settlement Agreement be rejected, without prejudice to renewal upon clarification of these issues and amendment of the settlement agreement, if appropriate.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 22, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties